(No. 3528— )

VAL W. STEIL AND MATT E. BENZ, DOING BUSINESS AS AURORA BEV-
ERAGE CO., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

ALLEN H. SCHULZ, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR,
Assistant Attorney General, for respondent.

ECKERT, J.

Complaint was filed in this case July 17, 1940, alleging
that claimant, for sometime prior to the fiscal alcoholic liquor
license period commencing July 1, 1939, had been engaged in
the wholesale purchase and distribution of beer, and obtained
a distributor's license as provided by the Illinois Liquor
Control Act, for the fiscal period commencing July 1, 1939,
and expiring June 30, 1940. The complaint further alleged
that claimant also obtained a retail license covering the same
period because claimant engaged in selling and delivering
beer in not less quantity than by the case or keg to the home
of a consumer for the latter's use or consumption at such
home; that the retail liquor license was applied for by claim-
ant between July 1, 1939, and the latter part of July, 1939.

By an amendment to Article 6, Section 3 of the Illinois
Liquor Control Act, signed by the governor of the State of
Illinois in the latter part of July, 1939, a distributor was per-
mitted to deliver beer in not less quantity than by the keg or
case to the home of a consumer for consumption by the latter
at such home without the additional retail license. Claimant
alleges that this amendment became retroactive to July 1,
1939, and that consequently the retail license which it had
obtained was no longer necessary; that in view of the fact

that the bill was not signed until the latter part of July, it had been previously necessary for it to obtain the retain license to comply with the Illinois Liquor Control law during the intervening period; that on the facts it is just and equitable that an award be made herein to claimant in the sum of $50.00, the annual retail license fee.

Respondent has filed a motion to dismiss the claim on the several grounds: that the complaint does not set forth a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay in that claimant seeks an award representing the refund of license fees covering the period July 1, 1939, to July 1, 1940, during which period of time the law providing for such license was changed; that an award should not be made solely on the ground of equity and good conscience; and that the complaint does not comply with Rules 5(b) and 6(a) of the Court of Claims.

This latter contention is correct; the complaint fails to state, as is required by Rule 5(b), whether or not any third person or corporation has any interest in this claim, and does not include a bill of particulars as is required by Rule 6(a). Claimant, however, may wish to amend the complaint in this respect, and for that reason it is necessary to consider the remaining grounds of respondent's motion.

This court has held in a long line of decisions that an award can not be made solely on the basis of equity and good conscience. Awards can be made by this court only in those cases where claimants would be entitled to redress against the State either at law or in equity if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Garbutt* vs. *State,* 10 C. C. R. 37.

From the complaint it appears that the license period for a retail license began on July 1, 1939, and that claimant was then engaged in selling and delivering beer in such quantities as to make a retail license necessary until the amendment to Article 6, Section 3 of the Illinois Liquor Control Act was signed by the Governor. Claimant admits the necessity for complying with the law during the intervening period, that is between July 1, 1939, and the date on which the Governor signed the bill. It claims, however, that the amendment was retroactive. This contention is erroneous.

"A proposed Act of the General Assembly, upon its introduction in either house, is called a bill, and during its progress through the two houses,

with its various readings, references and amendments, it remains a bill—a house bill or a senate bill, as the case may be—but when it has finally passed both houses it has become an Act of the General Assembly, though before it becomes a law it requires the approval of the Governor, who may by his veto require its reconsideration by the General Assembly, and it cannot take effect until the first day of July next after its passage except in case of emergency, as provided in Section 13 (Article 4 of the Constitution). It may, however, become a law before the first day of July, for Section 16 of Article 5 (of the Constitution) provides that every bill passed by the General Assembly shall, before it becomes law, be presented to the Governor, and if he approve he shall sign it, and thereupon it shall become a law. A bill as soon as signed by the Governor becomes a law, but it does not become effective until the first day of July following its passage. (*People* vs. *Inglis*, 161 Ill. 236.) Since the Governor did not sign the bill until after the first day of July it did not become a law on that date and therefor could not then take effect. When he did sign it on July 2 it did become a law. 'Until' means 'up to the time of,' and as the period of time to July 1 had already elapsed when the act was signed, it took effect at the time as it became a law. Both requirements must be met before the Act takes effect—the coming of the first day of July and the approval of the Governor, and it is immaterial which comes first. When the two things combine then the Act takes effect." *Board of Education* vs. *Morgan*, 316 Ill. 143.

It thus appears that it was necessary during the intervening period, between July 1st, 1939, and the date on which the Governor signed the bill, for claimant to have a retail license, and that the amendment was not retroactive. There is nothing in the law to indicate that a reduction or elimination of a license fee, during the period for which the license has already been obtained, eliminates the necessity for such license prior to the time of the change or justifies a refund.

Respondent's motion to dismiss is therefore sustained, and the claimant given thirty days in which to amend its complaint; in the event claimant declines or fails so to amend, this order dismissing the claim shall become final.